**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LAKEFRONT PICTURES, LLC, JENNIFER KARUM and RYAN ATKINS,** | ) | |
| | ) | Case No. 1:2026-cv-04038 |
| Plaintiffs, | ) | |
| vs. | ) | Hon. Judge Thomas M. Durkin |
| | ) | |
| **AMANDA GECEWICZ,** | ) | Hon. Mag. Judge Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' EMERGENCY MOTION FOR LIMITED
TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs, LAKEFRONT PICTURES, LLC ("Lakefront"), JENNIFER KARUM ("Karum") and RYAN ATKINS ("Atkins"), by and through their counsel and pursuant to Fed. R. Civ. P. 65(a) and (b), moves this Honorable Court on an emergency basis for limited temporary and preliminary injunctive relief against AMANDA GECEWICZ ("Defendant"), as specified in the proposed Order submitted herewith as **Exhibit A**, and in support thereof state as follows:

1.      By this Motion, Plaintiffs seek an order requiring two things of Defendant. First, that Defendant provide notice to Facebook/Meta necessary to have Lakefront's Instagram account and Atkins' Facebook account reinstated. The subject Instagram and Facebook accounts were disabled (hereinafter, the "Disabled Accounts") in direct response to a torrent of takedown notices submitted by Defendant (in bad faith) under the Digital Media Copyright Act, baselessly alleging that Plaintiffs were using certain copyrighted material (the "Subject Content") without authority.

2.      Second, the order asks that Defendant be enjoined from sending (or directing others to send) additional takedown notices relating to the Subject Content, since the Order also provides that Plaintiffs will, during the pendency of the litigation, not use the Subject Content and promptly remove any stray references to the Subject Content that may have been overlooked.

3.      Despite Plaintiffs promptly having provided counter-notices to Meta in accordance with 17 U.S.C. § 512(g), pursuant to which the Disabled Accounts should have been reinstated and the Subject Content restored, Facebook and Instagram have failed and refused to do either and has now advised Plaintiffs:

> We recommend that you contact the party that reported your post to resolve the issue directly with them. If an agreement is reached to restore the content to the site, please have the complaining party withdraw their complaint through appropriate channel.

See notice dated May 4, 2026, submitted herewith as **Exhibit B**.

4.      Plaintiffs, in turn, requested that Defendant merely consent to the reinstatement of Disabled Accounts, and even agreed that the Subject Content need not be restored while their dispute remained pending, but Defendant (through her counsel) speciously refused, prompting the need for this Motion. A proposed form of Order of injunction is submitted herewith as Exhibit A.

5.      As set forth more fully in the Memorandum filed concurrently herewith, the requested limited injunctive relief is necessary to restore and preserve the *status quo ante,* and there is a reasonable likelihood that Plaintiffs will prevail on the merits of its copyright related claims (including the bad faith filing of the takedown notices). Againt however, Plaintiffs are *not* requesting that any of the Subject Content be restored or re-posted, but rather merely simply that the Disabled Accounts be reinstated.

6.      Before they were disabled, the Disabled Accounts were the principal means by which Lakefront and Atkins promoted their projects, their professional services offerings, and by which they generated leads (the majority of which were typically converted into paid engagements). As a result of Defendant's actions, the Disabled Accounts cannot be seen, found or accessed on Instagram or Facebook, even to those that previously followed or subscribed to the Accounts).  As a result, business leads and paid engagements have dropped precipitously.

7.     More importantly, however *and the primary reason the limited injunctive relief is so pressing and warrants consideration on an emergency basis*, is that Lakefront is unable to meaningfully promote its newest project (a feature length film in post-production stage) to its 10,000+ Instagram followers, imperiling the success of the film, threatening the returns to investors, and straining Lakefront's relationship and goodwill with the distributor of the film, which is withholding payments that are otherwise due to Lakefront. The threat of harm to Plaintiffs is therefore clear and immediate, and virtually impossible to assess or quantify, making the threatened injury irreparable.

8.     Finally, the balance of harms with respect to the limited injunctive relief sought is entirely one sided.  There is no risk or threat of harm—literally none—to Defendant in requiring her to agree to the reinstatement of the Disabled Accounts since the Subject Content will not be restored pursuant to any order granted. This absence of any risk to Defendant should also preclude the need for any bond.

WHEREFORE, Plaintiff moves this Honorable Court for entry of an order in the form set forth in Exhibit A, and as necessary, setting a hearing for purposes of extending the relief into a preliminary injunction, and awarding such additional relief that this Court deems appropriate.

Respectfully submitted:

Dated: May 20, 2026

**LAKEFRONT PICTURES, LLC, JENNIFER KARUM and RYAN ATKINS**

By:      /s/ *George J. Spathis*
                   One of their Attorneys

George J. Spathis (#6204509)
(gspathis@lplegal.com)
LEVENFELD PEARLSTEIN, LLC
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Phone: (312) 346-8380

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 20, 2026, I caused the foregoing pleading to be served on the following persons via electronic mail at the addresses listed below:

Steve Baron  sbaron@bhhlawfirm.com

Amanda Gecewicz amg4894@gmail.com


*/s/ George J. Spathis*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEFRONT PICTURES, LLC, JENNIFER KARUM and RYAN ATKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | Case No. 1:2026-cv-04038 |
| | ) | |
| AMANDA GECEWICZ, | ) ) | |
| Defendant. | ) ) | |

## [PROPOSED] ORDER FOR TEMPORARY INJUNCTIVE RELIEF

This matter coming to be heard on the Emergency Motion filed by Plaintiffs, LAKEFRONT PICTURES, LLC ("Lakefront"), JENNIFER KARUM ("Karum") and RYAN ATKINS ("Atkins") for limited injunctive relief against Defendant AMANDA GECEWICZ ("Gecewicz") to protect and preserve Plaintiffs' legitimate interests in and access to Lakefront's Instagram account, Atkins' Facebook account and Karum's personal webpage hosted on WIX (the "Disabled Accounts") through which they conduct or promote their business, due notice having been given and the Court having been advised in the premises, IT IS HEREBY ORDERED THAT:

1.      For the reasons set forth in open court, the Court finds that Plaintiffs have met their burdens under Fed. R. Civ. P. 65(a) and (b), having made a prima facie showing of (1) a reasonable likelihood of success on the merits of its claims; (2) that no adequate remedy at law exists; (3) that it will suffer irreparable harm if its request is denied; (4) that the irreparable harm it will suffer if the request is denied outweighs the harm the Defendant, Gecewicz, will suffer if the request is granted; and (5) that interim injunctive relief will not harm the public interest.

2.      Effective immediately, Gecewicz shall refrain from sending (or directing, inducing or encouraging others to send) any further Digital Media Copyright Act takedown notices in

LP 26523112.1 \ 47724.149613

connection with any content relating to the short film "Blackhatter," including clips, stills, promotional materials, on-set photos, or the title Blackhatter if used in a manner that conveys professional credit with respect to the film (the "Subject Content") to any social media or online platform used by Plaintiffs in connection with their business or professions (including Meta/Facebook, Instagram, Google, YouTube, WIX and Staff Me Up).

3. Plaintiffs, and their agents and representatives, shall refrain from using or displaying the Subject Content, and while they have indicated that to the best of their knowledge, there is currently no Subject Content on any of their social media accounts or websites, they shall promptly remove any such Content if it is discovered, whether by Plaintiffs or Defendant.

4. Within two business days of the entry of this Order, Gecewicz shall also send notices (and provide copies or screen-shots to Plaintiffs' counsel) to Facebook, Instagram and WIX advising each to restore the Disabled Accounts as soon as possible based upon an agreement reached between the parties and embodied in an order of Court. To the extent the Disabled Accounts have not been restored within three business days thereafter, Gecewicz will send necessary follow-up notice(s), with copies to Plaintiffs' counsel, and otherwise reasonably cooperate with Plaintiffs to secure the restoration of the Disabled Accounts.

5. This Order shall be effective immediately. Given the limited relief requested and absence of any harm to Gecewicz in complying with this Order, no bond shall be necessary. This order shall remain in effect until vacated by agreement of the parties or Order of this Court.

6. This matter is set for status on _____, 2026 at _____. At least two days prior to the status hearing, the parties shall present a plan (or if they cannot agree, their respective plans) for expedited discovery on the issues germane to this order, and in connection with Plaintiffs'

request for extending the relief during the pendency of this action, or as may be modified based upon discovery obtained.

7.    A hearing on Plaintiffs' motion for a preliminary injunction is set to commence on _____, at _____.

Date: May _____, 2026

_____
District Court Judge Thomas M. Durkin

3

# EXHIBIT B

## George J. Spathis

| | |
|---|---|
| **From:** | Jennifer Goodman <jennifer@lakefrontpictures.com> |
| **Sent:** | Monday, May 4, 2026 3:29 PM |
| **To:** | George J. Spathis; Ryan Atkins |
| **Subject:** | Fwd: Copyright Appeal Form #948057724663235 |

Jennifer A. Karum | Co-Founder | Producer | Actress

Inline image
 Co-Founder l Producer l Writer
Lakefront | Conrad Website | Conrad FB | FORBES | Conrad on WGN

Sent from my iPad

Jennifer on mobile; please excuse any and all brevities

---------- Forwarded message ---------
From: **'Facebook' via Lakefront Pictures, LLC** <llc@lakefrontpictures.com>
Date: Mon, May 4, 2026 at 3:28 PM
Subject: Copyright Appeal Form #948057724663235
To: <Llc@lakefrontpictures.com>

Thank you for contacting us. Based on the information you provided in your appeal, we cannot restore your content. We recommend that you contact the party that reported your post to resolve the issue directly with them. If an agreement is reached to restore the content to the site, please have the complaining party withdraw their complaint through an appropriate channel.

If you have any other questions, please visit the Intellectual Property section of the Help Center: https://www.meta.com/help/policies/3234337743488413/?ref=cr

This decision was made by our technology.

Thanks,
Meta
>On Mon May 4, 2026 13:27:43, Jennifer Karum wrote:
>Email address : Llc@lakefrontpictures.com
>Please provide URL(s)/description leading to where the content appeared on Facebook. : We don't know what you're claiming!

1

>Your name (name and surname) : Jennifer
>Report number : 1979462166780084
>Please explain why you believe the content should not have been removed. The rights holder who filed the complaint against the content you posted will be provided with your explanation in its entirety (including free-form text and any attachments you include). : The copyright owner is fraudulently claiming copyright. I don't even know what you removed
>This is fraud and we filed a claim and you haven't responded
>Please confirm that you wish to complete this form: : --
>Electronic signature : Jennifer karu
>

This email and any files transmitted with it are confidential and intended for the addressee(s) only. If you have received this email in error, please return it to the sender and destroy the message, its attachments and all copies in your possession.

On the basis that you are the intended recipient then your receipt of this email represents your agreement to be bound by, or your continuing agreement to our standard Terms and Conditions applicable to the transaction to which this email relates. If you require a copy (or a replacement copy) of the applicable Terms and Conditions please email your request by return.

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system. If you are not the intended recipient you must not copy this message or attachment or disclose the contents to any other person. This message is intended for Lakefront Pictures LLC recipients and its affiliates.