**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LAKEFRONT PICTURES, LLC,**<br>**JENNIFER KARUM, and**<br>**RYAN ATKINS,**<br><br>Plaintiffs,<br><br>v.<br><br>**AMANDA GECEWICZ,**<br><br>Defendant. | Case No. 1:26-cv-04038<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Gabriel A. Fuentes |

**<u>JOINT STATUS REPORT</u>**

Plaintiffs, LAKEFRONT PICTURES, LLC ("Lakefront"), JENNIFER KARUM ("Karum"), and RYAN ATKINS ("Atkins" and, together with Lakefront and Karum, collectively, “Plaintiffs”), by and through their counsel, and Defendant, AMANDA GECEWICZ ("Defendant"), by and through her counsel, submit this Joint Status Report pursuant to the Court's June 22, 2026 order [Dkt. 22] and Federal Rule of Civil Procedure 26(f), following the parties' Rule 26(f) conference. This report reflects the parties' respective positions on the current state of discovery, any outstanding discovery disputes, and the parties' agreed proposed schedule. Each party's positions are designated below.

## **<u>I. STATUS OF THE LITIGATION</u>**

1. Plaintiffs filed their Complaint on April 10, 2026. Defendant appeared pro se on May 26, 2026, and filed her Answer and Affirmative Defenses on June 4, 2026. Defendant's counsel appeared on August 24, 2026.

2. On June 10, 2026, the Court entered an order referring this matter to Magistrate Judge Gabriel A. Fuentes for discovery supervision and settlement conference.

3. By Minute Entry dated June 22, 2026, the Court ordered that limited initial written discovery requests and Rule 45 subpoenas be served no later than July 10, 2026.

4. Pursuant to that order, Plaintiffs served their First Set of Interrogatories, First Request for Production of Documents, and Rule 45 subpoenas on or about July 10, 2026. Defendant served her First Request for Production of Documents and First Set of Interrogatories on Plaintiffs on August 3, 2026, with responses due within thirty (30) days of service under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).

5. Defendant served her responses to Plaintiffs' First Set of Interrogatories and First Request for Production on August 7, 2026.

6. Defendant obtained counsel on August 26, 2026. On September 1, 2026, Plaintiffs' counsel requested an extension to serve Plaintiffs' responses and objections until September 9, 2026, in exchange for Defendant waiving objections related to Plaintiffs' alleged delay. Plaintiffs served their responses and objections on September 14, 2026. The parties have agreed to address any remaining questions concerning the timing or substance of either side's discovery through the meet-and-confer process described below.

7. At a pre-settlement telephonic conference held on September 14, 2026, at 8:30 a.m., Judge Fuentes found that the parties were not yet prepared to engage in a settlement conference and directed them to confer under Rule 26(f) regarding a written and oral fact-discovery schedule and whether expert discovery is anticipated.

8. On September 28, 2026, the parties held their Rule 26(f) conference and have agreed on the proposed schedule set forth in Section IV below. Plaintiffs served their responses and objections to Defendant's First Set of Interrogatories and First Request for Production of Documents on September 14, 2026.

## II. DISCOVERY CONDUCTED TO DATE

9. Pursuant to Magistrate Judge Fuentes's June 22, 2026, order, initial written discovery requests and Rule 45 subpoenas were to be served no later than July 10, 2026.

10. Plaintiffs served their First Set of Interrogatories and First Request for Production of Documents on Defendant on or about July 10, 2026. Defendant served her First Request for Production of Documents and First Set of Interrogatories on Plaintiffs on August 3, 2026. Defendant served her responses to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories on August 7, 2026. Plaintiffs served their responses and objections to Defendant's First Request for Production and First Set of Interrogatories on September 14, 2026.

11. In response to Defendant's First Request for Production, Plaintiffs responded to requests 1-12, "To the extent they exist, upon entry of a protective order, Plaintiffs shall produce all non-privileged responsive documents in their custody, possession or control." Responses to requests 13-30, 36-39 state "Plaintiffs object to the request on the grounds that it is vague and ambiguous. Subject to and without waiving their objections, to the extent they exist, upon entry of a protective order, Plaintiffs shall produce all non-privileged responsive documents in their custody, possession or control" or minor variations thereof. Responses to requests 31-35 asserted objections to the export of Plaintiffs' social-media and messaging accounts. At the Rule 26(f) conference, the parties agreed that Plaintiffs will produce responsive, non-privileged documents supporting their claims and damages; that any documents produced pending entry of a protective order will be treated as "Attorneys' Eyes Only"; and that Plaintiffs will prepare and circulate a proposed agreed confidentiality order. Plaintiffs will begin producing documents on that basis.

12. At the Rule 26(f) conference, Plaintiffs agreed to prepare and circulate a proposed agreed confidentiality order governing the exchange of confidential and commercially sensitive materials, including third-party contracts relevant to Plaintiffs' damages, and the parties agreed to treat any documents produced in the interim as "Attorneys' Eyes Only" pending entry of that order. Plaintiffs anticipate circulating a draft agreed order in advance of the initial-disclosure deadline.

13. Plaintiffs served verified responses and objections to Defendant's interrogatories on September 14, 2026, answering Interrogatories Nos. 1 through 18 and objecting to Nos. 19 through 25 on the ground that, counting discrete subparts, they exceed the limit of Fed. R. Civ. P. 33(a)(1). The parties disagree regarding the adequacy of certain responses and have agreed to address any such disputes through the meet-and-confer process described below.

## III. PROPOSED DISCOVERY SCHEDULE

14. The parties jointly propose the following schedule, subject to the Court's approval:

| Event | Date |
|---|---|
| Initial disclosures | October 12, 2026 |
| Deadline to amend pleadings | December 4, 2026 |
| Close of fact discovery | February 26, 2027 |
| Plaintiffs' expert disclosures | April 2, 2027 |
| Defendant's expert disclosures | May 14, 2027 |
| Close of expert depositions | June 25, 2027 |
| Dispositive motions | August 13, 2027 |

Briefing schedules on any dispositive motions will be set by the Court upon the filing of the motion.

## IV. SETTLEMENT

15. Plaintiffs submitted their mediation statement in compliance with the Court's Standing Order on August 27, 2026. Defendant's mediation statement was submitted on September 9, 2026.

16. The parties have significant disagreements on the merits but remain willing to engage in good-faith settlement discussions, and are available for a further settlement conference at the Court's convenience as discovery progresses.

## V. DISCOVERY DISPUTES AND AGREED PROCESS

**Defendant's Discovery — Defendant's Position**

Defendant served verified responses and objections to Plaintiffs' First Set of Interrogatories and First Request for Production on August 7, 2026, and produced documents within her possession, custody, or control, including partial screenplay drafts dating to 2015, copyright registration records, production agreements and addenda, DMCA takedown notices, and communications with Plaintiffs and third parties, police reports. Defendant contends that Plaintiffs' responses to Defendant's written discovery are deficient in several respects, including the conditioning of production on a protective order, and reserves all rights to raise those issues through the meet-and-confer process and, if necessary, by motion.

**Plaintiffs' Discovery — Plaintiffs' Position**

Plaintiffs' responses and objections were served pursuant to the parties' agreed extension. Plaintiffs answered Defendant's Interrogatories Nos. 1 through 18 substantively and under oath, and objected to Nos. 19 through 25 on the ground that, counting discrete subparts, Defendant's interrogatories exceed the 25-interrogatory limit of Fed. R. Civ. P. 33(a)(1). Plaintiffs have agreed

to produce responsive, non-privileged documents supporting their claims and damages and are preparing a proposed agreed confidentiality order to govern the parties' exchange of confidential materials, with interim "Attorneys' Eyes Only" treatment as agreed. Plaintiffs dispute that their responses are deficient and submit that any remaining issues are best addressed through the agreed meet-and-confer process.

**Agreed Process**

The parties conferred under Rule 26(f) on September 28, 2026, and agreed to the following approach to their discovery disputes: (a) Plaintiffs will circulate a proposed agreed confidentiality order and will produce responsive, non-privileged documents, with documents produced in the interim designated "Attorneys' Eyes Only"; (b) following the exchange of initial disclosures, the parties will exchange their respective specific objections and hold a follow-up meet-and-confer under Local Rule 37.2 to resolve or narrow any remaining disputes before seeking Court intervention; (c) the parties agree that any additional written discovery served under the new schedule will not expand the number of interrogatories previously served; and (d) neither side may take more than five (5) depositions without leave of Court or the written agreement of the parties. Each party reserves its positions and rights as to the sufficiency of the other's responses.

Dated: September 29, 2026

Respectfully submitted,

PLAINTIFFS

By: /s/ *George J. Spathis*
George J. Spathis
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suit e1800
Chicago, Illinois 60606
Tel: (312) 346-8380
gspathis@lplegal.com

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorneys for Plaintiffs Lakefront Pictures, LLC, Jennifer A. Karum, and Ryan Atkins*

Respectfully submitted,

DEFENDANT

By: /s/ *Kyle C. Watson*
Kyle C. Watson
MAHOU LAW LLC
1100 Lake Street, Suite LL30A
Oak Park, Illinois 60301
Tel: (913) 940-4449
kwatson@mahoulaw.com

*Attorneys for Defendant Amanda Gecewicz*